* EBENEZER DORR, Administrator, Appellant from a Decree of the Judge of Probate, *versus* THE COMMONWEALTH.

Moneys in the hands of an administrator of the estate of a *naturalized* citizen, dying without heirs, *here* decreed to be paid into the treasury of the state.

ON the 13th day of June, 1800, the General Court passed the following resolve, *viz.*—" Whereas, it hath been represented to the General Court that *Elias Norberg*, otherwise called *Elias Newbury*, formerly of *Sweden*, and a naturalized citizen of the *United States of America*, is now dead, intestate ; that administration on his goods and effects, rights and credits, has been duly committed by the judge of probate for the county of *Suffolk*, to *Ebenezer Dorr*, of *Boston*, in the same county ; that there is in the hands of said administrator a large sum of money, the estate of said intestate, to which no person has yet entitled himself as next of kin to said intestate, and that the same money, in defect of heirs of said intestate, doth and will belong to the commonwealth. Therefore, *resolved*, that the *Attorney-General* be, and hereby is, authorized and directed to take all due measures to obtain a decree of the said Probate Court, that the same money be paid to the *treasurer* of the commonwealth, in order that the same may be retained by the said *treasurer*, to and for the use of the commonwealth, until some person or persons shall be entitled *to* receive the same as next of kin of the said intestate, or in some other legal way and manner. And, also, that said *Attorney-General* cause such decree, when obtained, to be carried into effect."

The *Attorney-General* (*Sullivan*) appeared before the judge of probate, and prayed for a decree, pursuant to the *resolve*. On the 14th day of July, 1801, the judge accordingly decreed that the administrator should pay the balance of his administration account, *that* day rendered, amounting to the sum of $8824 12 cents, to the *treasurer* of the * commonwealth, to [ * **294** ] be disposed of in the manner provided by the *resolve* aforesaid.

From this decree the administrator appealed to this Court. The cause (as I have been informed) was argued at a *former* term, by the *Attorney-General* for the commonwealth, and *Dexter* for the appellant. At *this* term, it was said, by the *Attorney-General*, that, in his opinion, the property belonged to the *commonwealth* ; and as much so as real estate of an intestate dying without heirs does. The legislature, however, had not undertaken to decide *that* by the

*resolve*, which only provided that it should be paid into the treasury, to be there kept for the heir, or whoever might show himself legally entitled.   There was no reason for the opposition of the administrator to the decree; that his right of retaining extended to those cases only where there are heirs *here*.   And that a foreigner claiming in this case ought to petition to the government for the money.

The Court (*Dana*, C. J., *Strong*, *Sedgwick*, and *Thacher*, justices) were unanimously of opinion that the decree ought to be affirmed. They said that they did not undertake to determine to whom the property belonged; that question was not before them.   The General Court has interfered; not *directing* the Probate Court, but leaving it in the discretion of the judge, to pass or not to pass the decree prayed for by the *Attorney-General;* the right to the property is not intended to be and will not be concluded by affirming the decree; the question is merely whether the property shall rest on the security of the administration bond, or be placed in the care of the government.   Under the circumstances of this case, the Court are clearly of opinion that it may and ought to be deposited in the *treasury* of the commonwealth, for the purposes specified in the *resolve.*

<div align="right">

*Decree affirmed*